## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUAN BASTIDAS CANO,** | **Civil Action No. 25-18008 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      This Court granted Petitioner Juan Bastidas Cano's petition for a writ of habeas corpus on December 1, 2025.  (ECF No. 3).  Respondents were ordered to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge.

2.      Petitioner appeared before Immigration Judge Shana Chen on December 11, 2025. Judge Chen concluded that Petitioner was a flight risk and denied Petitioner bond.  (Bond Hearing Order, ECF No. 6-1).

3.      On December 12, 2025, Petitioner filed a letter on the docket in these proceedings arguing that he did not receive due process during his bond hearing and asked this Court to order his immediate release or conduct a new bond hearing.  (ECF No. 6).  This Court construes the letter as a motion to enforce the judgment ("Motion").

4.      Respondents filed opposition to the Motion on December 23, 2025.   (ECF No. 9).

5.      This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was

fundamentally unfair in violation of this Court's order.  *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

6.      After review of the parties' submissions and consideration of the parties' arguments, this Court concludes that Petitioner has not shown that his bond hearing was fundamentally unfair.

7.      In a fundamentally fair bond hearing, due process has three essential elements.  The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests."  *Ghanem*, 2022 WL 574624, at *2.

8.      Petitioner submitted documents to the immigration court, including his I-918 Petition for U Nonimmigration Status and a U Nonimmigration Status Certification from his son. (ECF No. 8-3 at 5).  He also submitted a letter from a sponsor indicating that she was willing to support him during immigration proceedings.  (*Id.* at 73).

9.      Petitioner's counsel presented the documents to Judge Chen for review and made arguments on Petitioner's behalf.  (*See generally* Bond Hearing Transcript, ECF No. 8-2).

10.     Petitioner argues the bond hearing was not sufficiently individualized.  (ECF No. 6 at 1).  He argues that Judge Chen "failed to consider critical evidence," "focused on irrelevant factors," and "failed to consider appropriate alternatives to detention."  (ECF No. 8 at 10).

11.     Petitioner's argument that Judge Chen did not consider his history of appearing for ICE check-ins is a challenge to the weight given to that evidence.  This is a discretionary determination beyond this Court's review.  8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL

574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

12.    Petition further argues that Judge Chen focused on irrelevant details, specifically "focus[ing] almost exclusively on the sponsor letter, and whether the sponsor has the desire or financial ability to support Mr. Bastidas Cano if released."  (ECF No. 8 at 11).  This is another challenge to the weight of the evidence, but this Court notes that Petitioner submitted the letter from his sponsor for the specific purpose of showing that she was "willing to support [Petitioner] while he these [sic] immigration proceedings are pending and also to housing appropriately." (Bond Hearing Transcript at 4).  A party may not introduce evidence for a specific purpose and then contend that the factfinder should have disregarded the evidence's relevancy to that same purpose.  Furthermore, Petitioner was given the opportunity to rebut the Government's arguments about the sponsor letter, but he did not do so.  (*Id.* at 6).

13.    Finally, Judge Chen was not required to consider less restrictive alternatives to detention.  The cases cited by Petitioner are distinguishable.  *See Ousman D. v. Decker*, No. 20-cv-9646, 2020 WL 5587441, at *4 (D.N.J. Sept. 18, 2020) (holding failure to consider less restrictive alternatives for noncitizen detained for over three years violated due process); *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 241 (W.D.N.Y. 2019) (holding failure to consider less restrictive alternatives for noncitizen detained for five-and-a-half years violated district court's order to consider them).  Petitioner has been detained just over two months and has not reached the point of prolonged detention requiring a different kind of review by an immigration judge. (ECF No. 1 at 2).

14.    This Court does not express any opinion on whether Judge Chen came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond

hearing as ordered by this Court.  Any challenge to the decision must be presented to the Board of Immigration Appeals.

15.    Petitioner further argues that this Court should grant relief to him on his claim that "his re-detention despite having been previously granted parole violated 8 U.S.C. § 1182(d)(5) and the Due Process Clause."  (ECF No. 8 at 7).

16.    Petitioner was granted parole pursuant to Immigration and Nationality Act ("INA") § 212(d)(5), 8 U.S.C. § 1182(d)(5) on December 31, 2022.  (ECF No. 8-3 at 55).  The parole document states that Petitioner's parole would end on March 3, 2023.  (*Id.*)

17.    "Parole shall be automatically terminated without written notice ... if not departed, at the expiration of the time for which parole was authorized."  8 C.F.R. § 212.5(e)(1). Accordingly, Petitioner's parole automatically ended on March 3, 2023, and Petitioner was not entitled to separate notice of its termination.  *Id.*

18.    At the conclusion of his parole, Petitioner was "restored to the status that [he] had at the time of parole."  8 C.F.R. § 212.5(e)(2); *see also Garcia-Alvarado v. Warden*, No. 25-cv-16109, 2025 WL 3268606, at *2 (D.N.J. Nov. 24, 2025).

19.    This Court concluded that status was as a noncitizen who "was apprehended inside the United States after residing here for an extended period," and that Petitioner was therefore entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).  (ECF No. 3).  That hearing has now been conducted.  (ECF No. 6-1).  Any further relief lies before the Board of Immigration Appeals, not this Court pursuant to § 2241.

4

20.     Therefore, this Court will deny the Motion and dismiss the Petition.   Any restrictions imposed on Petitioner's location by this Court shall be lifted.

21.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
January 8, 2026

5